Filed 5/6/15  P. v. Hampy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077150 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF133541) |
| v. | |
| KRISTIE ANN HAMPY, | |
| Defendant and Appellant. | |

Defendant Kristie Ann Hampy pleaded no contest to second degree burglary. (Pen. Code, §§ 459, 460, subd. (b).)[1]  In exchange, a count of falsely representing her identity to a police officer (§ 148.9, subd. (a)) was dismissed.

Defendant was sentenced to county jail (§ 1170, subd. (h)(1), (2)) for a stipulated term of eight months consecutive to a Sutter County term she was then serving.  She was awarded six days' custody credit and six days' conduct credit (§ 4019) and ordered to pay

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

a $300 restitution fine (§ 1202.4), plus a $30 collection fee, a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The court resentenced defendant to identical terms in the Sutter County cases and reimposed all Sutter County fines and fees.

## FACTS[2]

On August 30, 2013, department store employees observed defendant and Tina Leigh Baiz enter the store with an empty baby stroller.[3] The women placed merchandise in the stroller and cut the security tags from the merchandise. Then they placed a blanket over the stroller and left the store without paying for the merchandise. Loss prevention personnel detained the women outside the store. Police arrived and took defendant to jail.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record shows that defendant is entitled to additional presentence credit. Defendant was taken into custody on the day of the offense, August 30, 2013, and released on pretrial supervised release on September 5, 2013. The probation report recommended, and the trial court awarded, six days' custody credit and six days' conduct credit. However, she is entitled to credit for two days in August and five days in

---

[2] Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

[3] Baiz was a codefendant in the trial court. She is not a party to this appeal.

2

September.  We will modify the judgment to award seven days' custody credit and seven days' conduct credit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to award defendant seven days' custody credit and seven days' conduct credit.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the officer having custody of defendant.


                                        RAYE                , P. J.



We concur:



            BUTZ            , J.



            RENNER          , J.


3